
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **LEO EDWARD WHELAN** | § | Case No. 15-41659 |
| xxx-xx-9252 | § | |
| 2905 Fondren Drive, Dallas, TX 75205 | § | |
| | § | |
| | § | |
| Debtor | § | Chapter 7 |
| BILL HUDDLESTON | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 16-4013 |
| | § | |
| LEO EDWARD WHELAN | § | |
| | § | |
| Defendant | § | |

## DEFAULT JUDGMENT DETERMINING
## DEBT TO BE NONDISCHARGEABLE

ON THIS DATE the Court considered the "Motion for Entry of Default Judgment" filed by the Plaintiff, Bill Huddleston, in the above-referenced adversary proceeding. The Court finds that an entry of default was entered against the Defendant, Leo Edward Whelan (the "Defendant"), on July 20, 2016, pursuant to Federal Rule of Bankruptcy Procedure 7055(a) for his failure to appear in response to the Plaintiff's Complaint in the manner and within the time period designated by the Federal Rules of Bankruptcy Procedure. The Plaintiff's Complaint seeks a complete denial of the Debtor-Defendant's discharge pursuant to 11 U.S.C. §727 or, in the alternative, a declaration that the

particular indebtedness due and owing by the Defendant to the Plaintiff is rendered nondischargeable under 11 U.S.C. §523(a)(2)(A).

It is important to note that, in federal practice in general, and particularly in the bankruptcy context, there is no such thing as a right to a default judgment.  As one court has recognized, "default judgments are not mandatory.  Under Rule 7055, the Court may require proof or necessary facts to support a valid cause of action.  If such facts are lacking, the Court may not enter the judgment." *Discover Bank v. Fuentes (In re Fuentes)*, 474 B.R. 497, 501 (Bankr. S.D. Tex. 2012); *see also Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) ["A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default"].  "Default judgment is only proper if the complaint contains well-pleaded factual allegations establishing a valid cause of action." *Champion v. SLM Corp.,* 2011 WL 13785261 (E. D. Tex., Apr. 12, 2011) *(citing U.S. v.1998 Freightliner Vin # 1FUYCZYYB3WP886986,* 548 F.Supp.2d 381, 385 (W.D. Tex. 2008) and *Nishimatsu Const. Co ., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975).

When these principles are applied in the context of a §727 cause of action, the Court must remain cognizant that the denial of a debtor's discharge is a harsh remedy, reserved for the most egregious misconduct by a debtor.  In that context and in light of the fact that the entry of a default does not automatically entitle a party to a default judgment, it becomes particularly important for a bankruptcy court to analyze whether the unchallenged, admitted facts constitute a legitimate cause of action under §727.  *See, e.g.,*

*Riehm v. Park (In re Park),* 272 B.R. 323, 329 (Bankr. D.N.J. 2001).  Upon review of the pleadings, the attached declarations and the additional documentary evidence submitted with the Motion, the Court concludes that, despite the default, the admitted facts arising from the Debtor-Defendant's default are insufficient to support the denial of discharge under any of the referenced subsections of §727(a).

Applying the same general standards, however, the Court concludes that the information offered about the inception and nature of the particular debt alleged to be owing by the Debtor-Defendant to the Plaintiff is sufficient to render the debt nondischargeable under §523(a)(2)(A)[1] and supports the issuance of a default judgment on that particular cause of action.  Texas law imposes a duty to abstain from inducing another to enter into a contract through the use of fraudulent misrepresentations, *Haase v. Glazner*, 62 S.W.3d 795, 800 (Tex. 2001), and it recognizes fraudulent inducement as a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof. That is, with a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties. *Id*. at 798-99.  Thus, the basis of any fraudulent inducement claim must be an executed contract that was procured by fraud, without which it would not have been

---

[1] To have a debt excepted from discharge pursuant to the "actual fraud" provision in §523(a)(2)(A), an objecting creditor must prove that: (1) the debtor made representations; (2) at the time they were made the debtor knew they were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained losses as a proximate result of the representations. *Pentecost*, 44 F.3d at 1293, *as modified by the United States Supreme Court decision of Field v. Mans*, 516 U.S. 59 (1995) [regarding the proper standard of reliance].

executed, and the damages sought must flow directly from that contract. *Lam v. Phuong Nguyen,* 335 S.W.3d 786, 790 (Tex. App.– Dallas 2011, pet. denied). The relevant factors governing such a claim is the existence of: (1) a material misrepresentation, (2) which was false, (3) which was either known to be false when made or was asserted without knowledge of its truth, (4) which was intended to be acted upon, (5) which was relied upon, and (6) which caused injury. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex.1998).

Upon due consideration of the admitted facts arising from the default of the Debtor-Defendant, the Declarations of Bill Huddleston and David K. Sergi, and the additional documentary evidence submitted with the Application, together with the applicable law, the Court concludes that just cause exists for the entry of the following judgment pursuant to Federal Rule of Bankruptcy Procedure 7055(b).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Plaintiff, Bill Huddleston, recover from Defendant, Leo Edward Whalen, the sum of $641,134.50, plus pre-judgment interest in the amount of $109,697.23, accruing from January 18, 2013, the date that the Plaintiff filed his state court lawsuit against the Defendant, until the date of judgment at the rate of 5% per annum,[2] attorney's fees in the amount of $35,000.00, court costs of $350.00, for an aggregate amount of $786,181.73, together with post-judgment interest upon such amount at the current federal post-

---

[2] *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 532 (Tex. 1998); TEX. FIN. CODE ANN. §304.104 (West 2006)[regarding date of accrual]; TEX. FIN. CODE ANN. §§ 304.003 & 304.103 (West 2006)[interest rate].

judgment interest rate of 0.59% until paid.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the above-referenced indebtedness owed by the Defendant, Leo Edward Whalen, to the Plaintiff, Bill Huddleston, is hereby declared to be nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all other relief requested in the Complaint filed by the Plaintiff, Bill Huddleston, including all relief sought under §727(a) against Defendant, Leo Edward Whalen, in the above-referenced adversary proceeding is hereby **DENIED**.

Signed on 08/29/2016

_____
THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE